IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

JAMES F. SARACCO AND
LISA L. ETHERINGTON,

          Plaintiffs,

v.

STATE OF ALASKA AND CITY OF
GUSTAVUS,

          Defendants.

Filed in the Trial Courts
STATE OF ALASKA, FIRST DISTRICT
AT JUNEAU

AUG 2 4 2020

By _Meinich_ _____Deputy

Case No.: 1JU-20-_00758_____CI

## COMPLAINT

Plaintiffs for their Complaint alleges as follows:

### PARTIES AND JURISDICTION

1.     Plaintiffs, James F. Saracco and Lisa L. Etherington, ("Plaintiffs") bring this action for damages against the City of Gustavus, Alaska ("City") and the State of Alaska ("State"), collectively the "Defendants," for harms and losses resulting from releases of hazardous substances on to the Plaintiffs' property. This Court has subject jurisdiction over this matter pursuant to AS 22.10.020.

2.     The State of Alaska is subject to the jurisdiction of this court pursuant to AS09.50.250(1).

3.     Defendant City of Gustavus is subject to the jurisdiction of this court pursuant to AS 09.50.250(1).

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

***COMPLAINT***
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_750_____CI       Page 1

4. Plaintiffs James F. Saracco and Lisa L. Etherington, at times relevant hereto, were and are residents of the First Judicial District in the State of Alaska. They are the current owners of the following property:

> Residential property located at 77 Same Old Road, Gustavus, Alaska 99826 located within the City of Gustavus, Bureau of Land Management Public Land Survey Section 8, Township 40S North, Range 59 E Copper River Meridian at approximately 58.414732 north latitude and -135.707890 west longitude,

("Saracco-Etherington Property" or "property").

Jim Saracco and Lisa Etherington have owned the property since 2007 and started residing there in August 2013. The Plaintiffs, in collaboration with a contractor, designed and built their residence on the Saracco-Etherington Property and improved the land for their own use over a decade.

### THE FIRE RESPONSE AND RESULTING CONTAMINATION

5. The City of Gustavus Volunteer Fire Department responded to a brush fire at the Saracco-Etherington Property on May 18, 2015 using a fire engine truck sold to the City of Gustavus by the State of Alaska ("Fire Event"). During the Fire Event, firefighters from the Gustavus Volunteer Fire Department used contents from the fire truck sold to the City to put out a brush fire at the Saracco-Etherington Property. According to the City, the fire response started with water and switched to 3% aqueous film forming foam (AFFF).

6. The Alaska Department of Transportation and Public Facilities (ADOT) sold the fire engine truck used in the Fire Event to the City of Gustavus in 2012.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI       Page 2

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

7.     Because of the use of the contents of the fire truck, which included AFFF, to put out the brush fire at the Saracco-Etherington Property, per- and polyfluoroalkyl substances (PFAS), including PFOS, PFOA, PFHpA, PFHxs, PFBS and PFNA, have been detected in the groundwater, drinking water and soil of the Saracco-Etherington Property.  The claims asserted herein arise out of the use of AFFF containing PFAS in the Fire Event to extinguish the brush fire at the Saracco-Etherington Property, contaminating the property with toxic PFAS, and in turn harming the value of the property, requiring remediation and mitigation of the contamination, causing economic losses, loss of use of the property, loss of use and enjoyment of the property, and causing associated annoyance and discomfort because of the contamination located on Plaintiff's property.

8.     Plaintiffs were not advised of the use of AFFF foam or the resulting contamination until September 2018, after the State of Alaska undertook private well testing in Gustavus in late August 2018 related to the discharge of AFFF at the Airport.

9.     Results from an analysis of the Plaintiffs' well indicate that PFOS was detected on Plaintiffs' property at approximately 39,000 parts per trillion ("ppt"), PFHxS was detected at 7400 ppt, PFOA was detected at 240 ppt, PFNA was detected at 48 ppt, PFBS was detected at 160 ppt, and PFHpA was detected at 48 ppt.

10.     Water testing in January 2019 found PFAS contamination at approximately 13,000 parts per trillion ("ppt") in the Plaintiffs' well.  Further testing indicated PFOA in

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 3

the Plaintiffs soil at a level of 0.00206 mg/kg, and PFOS in the soil at levels as high as 0.888 mg/kg.

11.    This Complaint seeks compensation for the harms and losses incurred or which have been, and will continue to be incurred by Plaintiffs, resulting from contamination of soil, groundwater, well water, surface water, vegetation, household piping, fixtures, and household water caused by the use of AFFF firefighting foam used from the fire truck, in response to the Fire Event at the Saracco-Etherington Property in May 2015.

## THE SARACCO-ETHERINGTON PROPERTY

12.    The Saracco-Etherington Property became home to the Plaintiffs and their young son in 2013 when they moved into a small yurt on the property. The improved property is a culmination of years of work and investment by the Plaintiffs in creating a home to their liking and personally tailored to their needs.

13.    The Plaintiffs have owned the property since 2007 and have invested well over $500,000 in purchasing the property and improvements to the property. The Property is approximately four acres.

14.    In 2016 and 2017 the Plaintiffs cleared a portion of the land in order to build their house. The Plaintiffs designed and built a three bedroom, two bathroom house. The Plaintiffs moved into the mostly completed house in December 2017 and continued to work on the house until learning of the contamination of their property in September 2018.

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI      Page 4

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

15.     In 2017, the Plaintiffs received a grant from the United States Department of Agriculture to partially fund construction of a 33' diameter high-tunnel dome greenhouse on the Property, which the Plaintiffs installed in June 2018. Installation of the greenhouse on the Property was done on a portion of the land which was prepared with kelp and compost acquired over multiple years. The compost was prepared in part with grass mown from the area affected by the Fire Event.

16.     The Plaintiffs' intended uses of the property, which include use as a residence, as a site for gardening, livestock raising, and home-grown food consumption, were all frustrated by the Fire Event which led to toxic contamination of the Saracco-Etherington Property.

17.     The Plaintiffs had installed a cistern water system on their property which has also been affected by the Fire Event. During the drought conditions of 2018, Plaintiffs needed to supplement their cistern water system with well water. Because they were not advised of the contamination, they used the well water. The cistern system found on site was contaminated by well water in 2018. To mitigate contamination of the Plaintiffs only remaining clean water site, the cistern system needed a new PVC liner in fall 2018 and Plaintiffs also expanded the system, at their own cost, to include rain barrels and gutters to capture more water.

18.     Since discovery of the contamination resulting from the Fire Event, the Plaintiffs required the delivery and use of bottled water to ensure access to clean drinking water. Plaintiffs have also installed an Aquasana 3-stage water filtration system under

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 5

their kitchen and bathroom sinks; the filtration system requires upkeep, including new filters, paid for by the Plaintiffs at their own expense.

19. An analysis of the Property for contamination required the installation of 18 groundwater monitoring wells, 30 surface soil samples, and sampling of 8 local residential wells. These analysis sites necessitated between 10 and 14-foot boreholes on the property, and continuous sampling for testing of soil, groundwater, and drinking water samples.

20. The Property requires numerous remediation and mitigation responses. A reliable long term water source must be established, and installation of Plume Stop technology, which contains the toxic plume and prevents further migration, is required. Testing for contamination will be required for the foreseeable future.

### THE CONDUCT OF DEFENDANTS
### THAT CAUSED THE CONTAMINATION

21. PFAS do not occur naturally. Due to the strength of multiple carbon-fluorine bonds, PFAS are chemically biologically stable and resistant to environmental degradation. PFAS can persist in the environment for decades. PFAS are also water soluble, making them mobile in surface water and groundwater.

22. Scientific studies show that PFAS are readily absorbed after oral exposure and accumulate in the human body. There are a number of health risks associated with exposure to PFAS. For example, exposure to PFOS and PFOA is associated with increased risk in humans of testicular cancer and kidney cancer, liver function

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 6

abnormalities, immunotoxicity, endocrine disruption and of disorders such as thyroid disease, high cholesterol, ulcerative colitis, and pregnancy-induced hypertension, as well as other conditions.[1] The United States Environmental Protection Agency has also advised that exposure to PFAS may result in negative developmental effects to fetuses during pregnancy or to breast-fed infants. *Id.* Thus, PFAS are known and proven hazardous substances.

23. The State of Alaska has used firefighting foam that contains PFAS including PFOS, PFOA and other PFAS, including those that can degrade into other PFAS, for decades. The State used such foam for emergency response and training exercises at Gustavus Airport and knew that this use released toxic PFAS to soil and groundwater at the Airport and into the Gustavus community.

24. At least as early as March 2001, the State of Alaska knew that the use of toxic firefighting foam releases PFAS, including PFOS and PFOA, into the surrounding environment. The State knew by at least March 2001, and likely earlier, that constituents in toxic firefighting foam, including PFOS and PFOA, were toxic, persistent, and bioaccumulating. Based on this knowledge, the State knew or should have known that continued use of toxic firefighting foam posed an unreasonable risk to human health and the environment, that any releases of toxic firefighting foam required remediation, and

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

---

[1] https://www.epa.gov/sites/production/files/2016-06/documents/drinkingwaterhealthadvisories_pfoa_pfos_updated_5.31.16.pdf.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI        Page 7

that users of water impacted by toxic firefighting foam must be warned not to consume the contaminated water and would need alternative uncontaminated water supplies.

25. Notwithstanding the State's knowledge of the hazards and risks posed to the health and safety of persons exposed to PFAS as a result of releases of toxic firefighting foam in the City of Gustavus, and of the likelihood of exposure to soil, surface water and groundwater and if toxic firefighting foam was used in fire responses, the State transferred toxic firefighting foam in the fire truck to the City of Gustavus.

26. The State of Alaska's transfer of toxic AFFF firefighting foam to the City resulted in the release and migration of PFAS, including PFOS, PFOA, PFNA, PFBS, PFHpA, and/or PFHxS, into the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of Plaintiffs.

27. When the State transferred ownership of the fire engine used in the Fire Event to the City, the fire truck contained firefighting materials containing hazardous PFAS. The State and the City knew or should have known of the presence of PFAS in the fire truck, knew or should have known of the toxic properties of the PFAS, knew or should have known that such materials should not be used in response to brush fires, and knew or should have known that release of such materials would cause interference with property rights and harm to property.

28. The State and the City failed to take appropriate action to remove known toxic PFAS contaminated foam from the fire engine that the State transferred to the City

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 8

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

either at the time of transfer or thereafter before it was used. Both Defendants knew and/or should have known that toxic AFFF remained in the fire truck at the time of transfer, and there was a high degree of likelihood that the foam would be used in fire response, and that contamination of soil and groundwater would result. The State had the duty to advise the City of the hazardous contents of the fire truck and remove such contents before transfer. The City had the duty to investigate the contents of the fire truck and remove such contents before the fire truck was used in fire response.

29. The City of Gustavus' use of the content of the fire truck to respond to the brush fire at the Saracco-Etherington Property caused the release and migration of toxic PFAS, including PFOS, PFOA, PFNA, PFBS, PFHpA, and/or PFHxS, into the surface water, soil, vegetation, groundwater, well water, household water, household plumbing and real property of Plaintiffs. The use of the contents of the fire truck caused contamination of the Saracco-Etherington Property with hazardous substances.

30. The City of Gustavus' use of the content of the fire truck to respond to the brush fire at the Saracco-Etherington Property caused the release and migration of a large quantity of AFFF onto the property; on information and belief, approximately 30 gallons of AFFF were used during the Fire Event. On information and belief, the AFFF was manufactured in 1988, and such substances are believed to have been higher in toxicity at that time.

31. Plaintiffs received a letter dated September 21, 2018, from the environmental consulting firm Shannon & Wilson, Inc., regarding results of sampling

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 9

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

from their well and residence. This letter identified the presence of PFAS in their well water. Results of the analysis conducted indicated that PFOS was detected at 39,000 ppt, PFOA was detected at 240 ppt, and PFHxS was detected at 7,400 ppt in the water sample collected from their well. ADOT began providing alternative drinking water to the Plaintiffs around this time.

32. Defendants have failed to abate or prevent water pollution from the migration of their toxic firefighting foam, failed to remediate or mitigate contaminated water supplies, and failed to warn persons potentially exposed to PFAS of the existence and health risks of such exposure.

## DAMAGES TO PLAINTIFFS

33. The property owned and occupied by the Plaintiffs has been invaded by the release of toxic PFAS as a result of the use of Defendants' AFFF foam to put out a brush fire on their property in May 2015. As a result of the releases, Plaintiffs seek damages and equitable relief from the City of Gustavus and the State of Alaska for the harms and losses they have suffered including, but not limited to, those identified below.

34. As a result of Defendants' conduct and the resulting toxic contamination, the value and marketability of Plaintiffs' property and water well and the property rights of the Plaintiffs have been and will continue to be diminished. Plaintiffs' property has suffered the need for expenditures for the cost of remediation of their property. Plaintiffs have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using,

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 10

and maintaining long term uncontaminated water supplies, including but not limited to the cost to drill a new uncontaminated well, or mitigate contamination of an existing well. As a result of the contamination, Plaintiffs have suffered loss of use and loss of use and enjoyment of their property, and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their property and water supplies by Defendants. Plaintiffs also lost significant time responding to the contamination and the consequences thereof.

35. Among other impacted uses, Plaintiffs' young son could not exercise ordinary play activities outdoors without fear of further exposure to soil contamination. The Plaintiffs have suffered monetary losses, including but not limited to, costs for replacing hoses, costs for replacing contaminated planters, cost of purchasing new soil for planting, and cost of unusable water softeners.

36. Plaintiffs experienced further loss of use and enjoyment of their property as a result of the installation of monitoring wells and soil boring sites at least 18 sites throughout the Saracco-Etherington Property.

37. Drinking water applied directly to Plaintiffs' garden beds and green house (33-ft diameter dome) caused substantial contamination of the soil in the Plaintiffs' growing area. Before learning of the contamination of their well, the Plaintiffs would eat fresh produce from their gardens daily. The Plaintiffs used to, but can no longer, can and preserve their own fruits and vegetables grown from their garden.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 11

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

38. Prior to the discovery of PFAS in the Plaintiffs' groundwater, the Plaintiffs used a rainwater catchment system for some water uses, and groundwater for other uses, including but not limited to outdoor gardening, re-filling their hot tub, rinsing recreational equipment, and for use in their greenhouse. After the contamination was discovered, the Plaintiffs can no longer utilize groundwater for these purposes, and do not retain enough rainwater to meet their water needs. Without access to clean groundwater, the Plaintiffs cannot have guests or acquire enough water to fulfill outdoor uses. Further, the Plaintiffs are left with an inadequate water supply during periods of low precipitation and during the winter months.

**COUNT I**
**TRESPASS**

39. Plaintiffs repeat and restate the allegations set forth in all the previous paragraphs.

40. The PFAS released by the City of Gustavus and the State of Alaska at Plaintiffs' property contaminated the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing, real property, and groundwater of the Plaintiffs, which contamination constitutes a physical invasion of property without permission or license.

41. The presence of PFAS compounds including PFOS, PFOA, PFNA, PFBS, PFHpA and/or PFHxS originating from the use of toxic firefighting foam on Plaintiffs' property continues.

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 12

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

42.    PFOS, PFOA, PFNA, PFBS, PFHpA and/or PFHxS and other PFAS compounds in the toxic firefighting foam originating from the use by Defendant City of Gustavus and Defendant State of Alaska at the Plaintiffs' property continues to be located on and in the property and groundwater of the Plaintiffs' property. Because of the use of the contents of the fire truck in the Fire Event, hazardous PFAS will remain on the Saracco-Etherington Property for decades.

43.    The City of Gustavus and the State of Alaska knew or should have reasonably foreseen that the invasion of the property interests of Plaintiffs, and the trespass created thereby, was substantially certain to result from the use of the toxic firefighting foam given the chemical properties of the components of the toxic firefighting foam and the inappropriate use on a brush fire.

44.    Plaintiffs have not consented to the trespass by Defendants.

45.    Defendants City of Gustavus and Defendant State of Alaska are therefore liable for causing a past and continuing trespass on the Plaintiffs' property.

46.    As long as the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of the Plaintiffs' remain contaminated due to the migration of PFAS originating from the City of Gustavus and State of Alaska's use of toxic firefighting foam the trespass continues.

47.    As a direct and proximate result of Defendant City of Gustavus and Defendant State of Alaska's acts and omissions as alleged herein, Plaintiffs have suffered and will continue to suffer monetary losses and damages in amounts to be proven at trial.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 13

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

48.     As a direct and proximate result of the acts and omissions of Defendant City of Gustavus and Defendant State of Alaska's as alleged herein, Plaintiffs are entitled to an order requiring the City of Gustavus and the State of Alaska to abate their ongoing trespass and an order requiring the City and State to conduct such further investigation, remediation, cleanup, restoration, removal, treatment and monitoring actions as are necessary to prevent further trespasses and damages to the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of Plaintiffs.

49.     As a result of Defendants' conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiffs' residential property has been and will continue to be diminished.  Plaintiffs have suffered the need for and the cost of remediation of their property.  Plaintiffs have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using, and maintaining long term uncontaminated water supplies, including but not limited to the cost to drill a new uncontaminated well, or mitigate contamination of an existing well.  As a result of the contamination, Plaintiffs have suffered loss of use and loss of use and enjoyment of their property and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their property and water supplies by Defendants. Plaintiffs have lost substantial time responding to the contamination and the consequences thereof.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 14

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

50. As a direct and proximate result of the Defendants actions and omissions of creating a trespass, the City of Gustavus and the State of Alaska is responsible to Plaintiffs for compensation for the harms and losses resulting from the contamination caused by the release of hazardous PFAS by the City of Gustavus and the State of Alaska.

**COUNT II**
**NUISANCE**

51. Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

52. The toxic PFAS released by the City of Gustavus and the State of Alaska at the Plaintiffs' property contaminated the soil and groundwater of the Plaintiffs, which contamination constitutes an unreasonable interference with the use and enjoyment of the property of Plaintiffs.

53. The Defendants' use and release of toxic firefighting foam as described herein was intentional and/or negligent and/or reckless and/or abnormally dangerous and was a substantial factor in causing an unreasonable interference with the use and enjoyment of the property of Plaintiffs, including but not limited to, the disruption of their household water supplies, the impact on the safety of their household water, the need to obtain alternative sources of water and expense thereof, diminution in property value, diminution in the marketability of their real property, unreasonable interference with the use and enjoyment of their property and the exposure to known toxic chemicals released by the City of Gustavus and the State of Alaska's use of toxic firefighting foam.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-2279-9999
Fax 907-258-3804

54.     As a result of Defendants' conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiffs have been and will continue to be diminished.  Plaintiffs have suffered the need for and the cost of remediation, including the contaminated soil on their property.  Plaintiffs have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using, and maintaining long term uncontaminated water supplies, including but not limited to the cost to drill a new uncontaminated well, or mitigate contamination of an existing well. As a result of the contamination, Plaintiffs have suffered loss of use and loss of use and enjoyment of their property and have also suffered annoyance, discomfort, and inconvenience, including lost time and inconvenience addressing the contamination and the consequences thereof, as a result of the contamination of their property and water supplies by Defendants.

55.     As a direct and proximate result of the Defendants' actions and omissions creating a nuisance as described herein, the City of Gustavus and the State of Alaska are responsible to Plaintiffs for compensation for the harms and losses resulting from the contamination caused by the Defendants' release of toxic PFAS.

## COUNT III
## NEGLIGENCE

56.     Plaintiffs repeat and restate the allegations set forth in all the previous paragraphs.

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 16

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska  99501
Phone 907-279-9999
Fax 907-258-3804

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

57.     As set forth herein, the City of Gustavus and the State of Alaska knew or should have known of the health, safety and other known or suspected harms posed by toxic firefighting foam at the time of the transfer of the fire truck to the City.

58.     In light of the Defendants' knowledge of the health, safety and other known or suspected harms posed by its use of toxic firefighting foam, the State of Alaska owed a duty to Plaintiffs to remove any hazardous firefighting foam before transferring the truck to the City. The City had the duty to investigate the contents of the fire truck and remove such contents before the fire truck was used in fire response.  The City of Gustavus and the State of Alaska further had and have the duty to remediate the contaminated property and household water supplies of Plaintiffs and mitigate their household water supplies.

59.     In spite of owing a duty to Plaintiffs to ensure that hazardous firefighting foam was not used in household fire response, hazardous firefighting foam containing PFAS was used to respond to the brush fire at the Saracco-Etherington Property.  Despite owing a duty to Plaintiffs to remediate the sources of contamination they have created and to remediate the contaminated property and household water supplies of Plaintiffs, and mitigate their household water supplies, the City of Gustavus and the State of Alaska have failed to take appropriate action to remediate and to timely mitigate the household water supplies of Plaintiffs.

60.     Defendants' breach of their duty to stop using and discharging toxic firefighting foam and to take appropriate action to assure that toxic firefighting foam

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 17

would not result in the migration of PFAS into soil and groundwater, and their breach duty to remediate the sources of contamination it had created, and to remediate the contaminated property and household water supplies of Plaintiffs and mitigate or replace such water supplies as alleged herein, constitutes negligence.

61.     As a result of Defendants' negligent conduct and the resulting toxic contamination, the value and marketability of the property and property rights of the Plaintiffs have been and will continue to be diminished.  Plaintiffs have suffered the need for and the cost of remediation of their property.  Plaintiffs have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining long term uncontaminated water supplies.  As a result of the contamination, Plaintiffs have suffered loss of use and loss of use and enjoyment of their property and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their property and water supplies by Defendants.

62.     As a direct and proximate result of the Defendants' negligent actions and omissions as described herein, the City and State are responsible to Plaintiffs for compensation for the harms and losses resulting from the contamination caused by the Defendants' release of toxic PFAS.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

**COMPLAINT**
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI        Page 18

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

## <u>COUNT IV</u>
## <u>STRICT LIABILITY</u>

63.     Plaintiffs repeat and restate the allegations set forth in all the previous paragraphs.

64.     Pursuant to AS 46.03.822, the State and the City, as the persons having control or ownership over a hazardous substance at the time of the release, are strictly liable for the release/discharge of hazardous substances which have contaminated the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of the Plaintiffs.

65.     The toxic firefighting foam used by Defendants contained PFAS.  Scientific studies show that PFAS are readily absorbed after oral exposure and accumulate in the human body.  There are a number of health risks associated with exposure to PFAS. Therefore, toxic firefighting foam includes chemical compounds that present an imminent and substantial danger to public health.

66.     As a direct and proximate result of the acts and omissions of the City of Gustavus and State of Alaska, Plaintiffs have suffered and will continue to suffer economic and non-economic harms and losses in amounts to be proven at trial.

67.     As a direct and proximate result of the acts and omissions of the City of Gustavus and State of Alaska, Plaintiffs are entitled to an order requiring the City of Gustavus and the State of Alaska to abate their ongoing trespass and a further order requiring it to conduct such further investigation, remediation, cleanup, restoration,

***COMPLAINT***
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI         Page 19

removal, treatment and monitoring actions as are necessary to eliminate trespasses and damages to Plaintiffs as a result of their use of toxic firefighting foam.

68. As a result of Defendants' conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiffs have been and will continue to be diminished. The Saracco-Etherington Property is now a designated state contaminated site which greatly reduces the value of the property and limits the Plaintiffs' ability to sell or enjoy the site. Plaintiffs have suffered the need for expenditures for the cost of remediation of their property. Plaintiffs have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of long term alternative water supplies and the cost of restoring, using, and maintaining uncontaminated water supplies, including but not limited to the cost to drill a new uncontaminated well, or mitigate contamination of an existing well. As a result of the contamination, Plaintiffs have suffered loss of use and loss of use and enjoyment of their property and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their property and water supplies by Defendants.

69. As a direct and proximate result of the acts and omissions of the City of Gustavus and the State of Alaska as described herein, the City and State are strictly liable for the harms and losses resulting from the contamination caused by the Defendants' release of toxic PFAS.

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

*COMPLAINT*
*Saracco; et. al. v. State of Alaska; et. al.*; Case No. 1JU-20-_____CI          Page 20

WHEREFORE, Plaintiffs prays for the following relief:

A)     Monetary Damages from the City of Gustavus and State of Alaska to Plaintiffs pursuant to Counts I-IV, including damages for contamination remediation, water monitoring, well decommissioning; diminution in property value, and the costs of obtaining uncontaminated water for all uses;

B)     An Order for remediation or equitable relief;

C)     Recovery of all reasonable attorney's fees and costs as allowed by law;

D)     Recovery of all interest as permitted by law;

E)     Such other and further equitable relief as the Court deems just and proper; and

F)     Interest as allowed by law.

Dated this 24th day of August, 2020.

FLANIGAN & BATAILLE
ATTORNEYS FOR PLAINTIFF

By.: s/ Chris Bataille
Christian Bataille, ABA # 8406011

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804