# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES F. SARACCO and LISA ETHERINGTON., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF ALASKA and CITY OF GUSTAVUS, <br><br> Defendants. | Case No. 1:21-cv-00015-SLG |
| STATE OF ALASKA, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> 3M COMPANY, *et al.*, <br><br> Third-Party Defendants. | |

## ORDER RE MOTION TO STAY

Before the Court at Docket 15 is Third-Party Defendants Tyco Fire Products, LP and Chemguard, Inc.'s (collectively, "Tyco") *Motion to Stay This Action Pending Final Transfer Decision by the Judicial Panel on Multidistrict Litigation*. Plaintiffs James F. Saracco and Lisa L. Etherington (collectively, "Plaintiffs") responded in opposition at Docket 26. The City of Gustavus (the "City") also responded in opposition at Docket 27. Tyco replied at Docket 32.

## DISCUSSION

Plaintiff commenced this action in state court against the State of Alaska and the City in 2019.[1] Plaintiffs allege that the City negligently used aqueous film-forming foams ("AFFF") firefighting agent, which was contained in a firefighting truck provided to the City by the State, to extinguish a brush fire on Plaintiffs' property. Plaintiffs further allege that the City and State knew or should have known that AFFF firefighting agent contained toxic chemicals that have contaminated Plaintiffs' property.[2]

In April 2021, the State filed a third-party complaint against numerous AFFF manufacturers as third-party defendants, including Tyco and Chemguard.[3] In August 2021, Tyco removed the action to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4] Tyco then sought to transfer this action to the multidistrict litigation ("MDL") proceeding, *In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2873, currently pending in the District of South Carolina. The Judicial Panel on Multidistrict Litigation {"JPML") issued a conditional transfer order ("CTO") to the MDL court.[5] Plaintiffs and the

---

[1] Plaintiff's original complaint had originally named AFFF manufacturers as defendants, but these entities but were not included as named defendants in Plaintiff's First Amended Complaint.

[2] *See* Docket 1-2.

[3] *See* Docket 1-1.

[4] *See* Docket 1.

[5] Conditional Transfer Order, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Aug. 20, 2021), Docket 1077.

Case No. 1:21-cv-00015-SLG, *Saracco v. State of Alaska et al., State of Alaska v. 3M Co. et al.*
Order re Motion to Stay
Page 2 of 5
Case 1:21-cv-00015-SLG   Document 39   Filed 11/29/21   Page 2 of 5

City have filed motions to vacate the CTO,[6] which the JPML has stated it will consider at its December 2, 2021 hearing session.[7]

Tyco now moves to stay this action pending the JPML's decision on the motion to vacate the CTO.[8] Both Plaintiffs and the City oppose the motion to stay and move separately to remand this action back to Alaska state court.[9] Plaintiffs and the City contend that the federal contractor defense does not apply to confer federal jurisdiction and that there is no other basis for federal jurisdiction. Accordingly, Plaintiffs and the City ask this Court to deny the motion to stay and instead grant their motions to remand.[10]

For the reasons discussed below, the Court finds that granting the stay would advance judicial economy, promote consistency, and present minimal hardship to Plaintiffs and the City.[11]

---

[6] Dockets 1132, 1133, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (Sept. 27, 2021).

[7] Hearing Order, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Oct. 18, 2021), Docket 1143.

[8] *See* Docket 15.

[9] *See* Dockets 16, 19.

[10] *See* Dockets 26, 27.

[11] *See Bowie v. Medtronic, Inc.*, Case No. 3:08-CV-00090 TMB, 2008 WL 11336904, at *1 (D. Alaska Aug. 13, 2008) (addressing judicial economy, consistency, and hardship to plaintiff in considering whether to stay the proceeding); *see also Lyon v. DePuy Orthopaedics, Inc.*, Case No. 19-cv-05270-PJH, 2019 WL 4933586, at *2 (N.D. Cal. Oct. 7, 2019) ("Courts generally grant a stay pending resolution of consolidated proceedings when a stay would avoid the needless duplication of work and the possibility of inconsistent rulings." (quoting *Freitas v. McKesson Corp.*, Case No. C 11-05967 JW, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012))).

Case No. 1:21-cv-00015-SLG, *Saracco v. State of Alaska et al., State of Alaska v. 3M Co. et al.*
Order re Motion to Stay
Page 3 of 5
Case 1:21-cv-00015-SLG   Document 39   Filed 11/29/21   Page 3 of 5

Plaintiffs' and the City's motions to vacate the CTO contain many of the same jurisdictional arguments presented in their oppositions to the stay and their motions to remand in this Court. By granting the stay, the Court avoids the risk of duplicative work and potentially inconsistent rulings with respect to Plaintiffs' and the City's jurisdictional arguments. Moreover, it is within the Court's discretion to issue a stay pending the JPML's decision on transfer even when there is a pending challenge to the federal district court's jurisdiction.[12] The Court also finds there will be minimal hardship to Plaintiffs and the City in granting the stay. The JPML likely will decide their motions to vacate within a matter of weeks, presenting only minimal delay to an action for damages. Should the JPML deny transfer, Plaintiffs' and the City's motions to remand are already ripe for consideration by this Court; and, in the event the case is transferred to the MDL. Either way, a brief stay of this matter while the JPML considers the motion to vacate is likely to preserve judicial resources, avoid duplicative litigation in multiple fora, and ensure consistent outcomes on common questions.

Accordingly, the Court will stay the litigation in this forum until the JPML determines the until the JPML determines Plaintiff's and the City's motions to vacate the CTO.[13]

---

[12] *See, e.g.*, *Bowie v. Medtronic, Inc.*, Case No. 3:08-CV-00090 TMB, 2008 WL 11336904, at *1 (D. Alaska Aug. 13, 2008).

[13] While recognizing the City's unique position in this litigation, the Court has confidence in both the JPML and the MDL court to consider the unique factual nature of this case and the parties' positions and discovery needs.

Case No. 1:21-cv-00015-SLG, *Saracco v. State of Alaska et al., State of Alaska v. 3M Co. et al.*
Order re Motion to Stay
Page 4 of 5
Case 1:21-cv-00015-SLG   Document 39   Filed 11/29/21   Page 4 of 5

## CONCLUSION

In light of the foregoing, Tyco's motion at Docket 15 is GRANTED. The Court hereby stays all proceedings in this matter until the JPML rules on Plaintiffs' and the City's motions to vacate the CTO and renders a final transfer decision.

DATED this 24th day of November, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:21-cv-00015-SLG, *Saracco v. State of Alaska et al., State of Alaska v. 3M Co. et al.*
Order re Motion to Stay
Page 5 of 5
Case 1:21-cv-00015-SLG   Document 39   Filed 11/29/21   Page 5 of 5